UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED VAN LINES, L.L.C., | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-06-2614 |
| | § | |
| JAMES JACKSON, *et al.*, | § | |
|    *Defendants*. | § | |

**MEMORANDUM AND ORDER**

Before the court is Counter-Defendant United Van Lines, L.L.C.'s Motion to Dismiss Counter-Plaintiff James Jackson, et al.'s state law counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Dkt. 7). For the following reasons, based on a careful review of the pleadings and the applicable authorities, the motion to dismiss is GRANTED.

**Background**

Under two bills of lading providing for supplemental property damage coverage, Jackson retained United to transport various household goods and personal property from Ohio and Georgia to Houston, Texas. After the goods were delivered, Jackson submitted claims requesting reimbursement from United for damages to the goods resulting from the transport. In response to United's request of a declaration from this court concerning the rights and liabilities of United and Jackson under the bills of lading between United and Jackson for the interstate carriage of household goods and personal property (Dkt. 1), Jackson brought counterclaims alleging fraud, misrepresentations, and violations under the Carmack Amendment. Furthermore, Jackson requested compensatory, incidental, consequential, and punitive damages, pre- and post- judgement interest, and attorneys' fees. (Dkt. 6).

**Analysis**

*A.     Legal Standard: 12(b)(6)*

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). There are two primary principles that guide the court's determination of whether dismissal under Rule 12(b)(6) should be granted. First, a motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the nonmovant could prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994); *see also Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing 5B WRIGHT & MILLER § 1357 at 598 (1969), for the proposition that "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted"). Second, the court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant. *See Capital Parks, Inc. v. Southeastern Adver. & Sales Sys., Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir . 1994); *Chrissy F. by Medley v. Miss. Dep't of Pub. Welfare*, 925 F.2d 844, 846 (5th Cir. 1991). However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). In addition, a court must not look beyond the pleadings when determining whether a complaint states a claim upon which relief may be granted. *Carpenters Local Union No. 1846 v. Pratt-Farnsworth, Inc.*, 690 F.2d 489, 499-500 (5th Cir. 1982).

B.     *Preemption: Carmack Amendment*

United urges the court to dismiss Jackson's state law counterclaims and requested remedies,[1] arguing that the claims and remedies are preempted as a matter of law by the Carmack Amendment. The Carmack Amendment, enacted in 1906 as an amendment to the Interstate Commerce Act of 1887, now codified in pertinent part at 49 U.S.C. § 14706 *et seq.*, governs the liability of carriers for goods lost or damaged during the interstate shipment of property.[2] *See* 49 U.S.C. § 14706(a) (addressing liability of motor carriers). Under the Amendment, a shipper may recover for the actual losses resulting from damage to property caused by any of the interstate carriers involved in the shipment. *See* 49 U.S.C. § 14706. In *Adams Express Co.*, the Supreme Court considered the preemptive scope of the Carmack Amendment and concluded that it superseded all state regulation regarding interstate common carrier liability.[3] *Adams Express Co. v. Croninger*, 226 U.S. 491,

---

[1]     In its motion to dismiss, United does not challenge Jackson's counterclaim for violations under the Carmack Amendment.

[2]     The Carmack Amendment reads in pertinent part:

> A carrier providing transportation or service . . . shall issue a receipt or bill of lading for property it receives for transportation . . . . That carrier and any other carrier that delivers the property and is providing transportation or service . . . are liable to the person entitled to recover under the receipt or bill of lading. The liability imposed . . . is for the actual loss or injury to the property . . . .

49 U.S.C. 14706(a)(1).

[3]     Prior to the Amendment,

> [s]ome states allowed carriers to exempt themselves from all or a part of the common law liability by rule, regulation or contract; others did not; the Federal courts sitting in the various States were following the local rule, a carrier being held liable in one court when under the same state of facts he would be exempt from liability in another; hence this branch of interstate commerce was being subjected to such a diversity of legislative and judicial holding that it was practically impossible for a shipper engaged in a business that extended beyond the confines of his own State, or for a carrier whose lines were extensive, to know without considerable investigation and trouble, and even then oftentimes with but little certainty, what would be the carrier's actual responsibility as to goods delivered to it for transportation from one State to another. The [Carmack Amendment] has made an end to this diversity; for the national law is paramount and supersedes all state laws as to the rights and liabilities and exemptions created by such transaction.

3

505-06 (1913). Relying on the reasoning of *Adams Express Co.*, the Fifth Circuit has held that state law claims seeking damages for losses arising out of the interstate shipment of goods by a carrier under a receipt or bill of lading are preempted by the Carmack Amendment. *See Hoskins v. Bekins Van Lines, L.L.C.*, 343 F.3d 769, 778 (5th Cir. 2003) ("We are persuaded by . . . preceding decisions and anlysis offered by the Supreme Court, and this Court, that Congress intended for the Carmack Amendment to provide *the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by a common carrier*."); *Moffit v. Bekins Van Lines, Co.*, 6 F.3d 305, 307 (5th Cir. 1993) (holding that the Carmack Amendment preempted plaintiffs' state law claims for, inter alia, intentional and negligent infliction of emotional distress, breach of contract, violation of the Texas Deceptive Trade Practices Act, misrepresentation, fraud, and negligence); *Air Prods. & Chems., Inc. v. Ill. Cent. Gulf R.R. Co.*, 721 F.2d 483, 486 (5th Cir. 1983).

> That the legislation supersedes all the regulations and policies of a particular state upon the same subject results from its general character. It embraces the subject of the liability of the carrier under a bill of lading which he must issue, and limits his power to exempt himself by rule, regulation, or contract. To hold that the liability therein declared may be increased or diminished by local regulation or local views of public policy will either make the provision less than supreme, or indicate that Congress has not shown a purpose to take possession of the subject. The first would be unthinkable, and the latter would be to revert to the uncertainties and diversities of rulings which led to the amendment.

*Id.* (quoting *Adams Express Co.*, 226 U.S. at 505-06).

Jackson argues that the state law counterclaims must first "be resolved factually to determine whether the Carmack Amendment applies." (Dkt. 14) To support this assertion, Jackson notes one of four factors courts use to determine whether a carrier properly limited its liability. The factor

---

*Adams Express Co. v. Croninger*, 226 U.S. 491, 505 (1912) (quoting *Southern Pacific Co. v. Crenshaw*, 63 S.E. 865, 870 (Ga. Ct. App. 1909)).

ensures that carriers give the shipper a reasonable opportunity to choose between two or more levels of liability. Jackson offers this factor as sufficient legal basis to support a finding that the state law counterclaims are not preempted by the Carmack Amendment. As United points out, the issue of whether the carrier properly limited its liability is not before the court at this time. Initially, under the Carmack Amendment, Congress absolutely forbade carriers to limit their liability to shippers for damage to goods. *Rohner Gehrig Co. v. Tri-State Motor Transit*, 950 F.2d 1079, 1082 (5th Cir. 1992) (en banc). This mandate, however, resulted in sharp increases in shipping rates. *Id.* In response, Congress passed the Cummins Amendment, 49 U.S.C. § 14706(c), amending the Carmack Amendment to permit limitations on liability. *Rohner Gehrig Co.*, 950 F.2d at 1082. The factor noted by Jackson is merely part of a judicial test used to determine whether the carrier properly limited its liability under the Carmack Amendment as amended by the Cummins Amendment and is therefore inapposite.

Jackson further contends that a shipper is not precluded by the Carmack Amendment from seeking punitive and special state law damages. This assertion is similarly unfounded in law.

> In actions seeking damages for the loss of property shipped in interstate commerce by a common carrier under a receipt or bill of lading, the Carmack Amendment is the shipper's sole remedy. That is, the Carmack Amendment preempts any common law remedy that increases the carrier's liability beyond "the actual loss or injury to the property," unless the shipper alleges injuries separate and apart from those resulting directly from the loss of shipped property.

*Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 382 (5th Cir. 1998) (citation omitted); *see also* 49 U.S.C. § 14706(a)(1).

Jackson asserts that the Carmack Amendment does not preempt state law claims and remedies. "Such a holding could only lead to the morass that existed before the Carmack

Amendment, . . . defeat[ing] the purpose of the statute, which was to create uniformity out of disparity." *Moffit*, 6 F.3d at 307.  The Carmack amendment is Jackson's exclusive remedy and precludes Jackson's state law counterclaims.

## Conclusion

For the foregoing reasons, counter-defendant United Van Lines, L.L.C.'s motion to dismiss counter-plaintiff James Jackson, et al.'s state law counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) is GRANTED.  Jackson's counterclaim for fraud and misrepresentation, incidental, consequential and punitive damages, as well as attorney's fees authorized by state law are DISMISSED WITH PREJUDICE.

Signed at Houston, Texas on December 19, 2006.

_____
Gray H. Miller
United States District Judge